**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
6464 W. Sunset Blvd., Ste. 960
Los Angeles, CA 90028
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com
Attorneys for Plaintiff
JANNETT KINCAID

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANNETT KINCAID,<br><br>           Plaintiff,<br><br>     vs.<br><br>ADLER WALLACH &<br>ASSOCIATES, INC.,<br><br>           Defendant(s). | Case No.: 8:20-cv-649<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692]**<br><br>**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]** |

# INTRODUCTION

1.      JANNETT KINCAID (Plaintiff) brings this action to secure redress from ADLER WALLACH & ASSOCIATES, INC., (Defendant) for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 and violation of the Rosenthal Fair Debt Collection Practices Act.

- 1 -

COMPLAINT FOR DAMAGES

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper as Plaintiff resides within the State of California and Defendant maintains numerous business offices within the State of California and regularly engages in business throughout the state.

3. Venue is proper in the County of Orange because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff is an individual, residing in Rancho Santa Margarita, California. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing.

5. Defendant, is a corporation engaged in the business of collecting medical debt in this state. In addition to providing medical services, one of the principal purpose of Defendant is the collection of debts in this state for said provided medical services, and Defendant regularly attempts to collect debts alleged to be due for said medical services.

6. Defendant is engaged in the collection of debts from consumers using the mail. Defendant regularly attempts to collect debts alleged to be due and Defendant is a "debt collector" as defined by the RFDCPA.

## FACTUAL ALLEGATIONS

7. Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a medical bill. The purported medical services rendered, for which Defendant continues to seek payment for medical services provided to Plaintiff in April of 2019.

8. Within one year prior to the filing of this action, and as far back as 2019 to present in fact, Plaintiff advised Defendant of her Workers Compensation claim. The notice on Plaintiff's behalf to Defendant, also provided Plaintiff's Claim Number, employer and WCAB Number. Plaintiff had indeed advised Defendant of this important fact on multiple occasions. In fact, Plaintiff's workers compensation claim has since been completed and finalized, which Defendant is well aware of.

9. Per *Labor Code Section 3751(b)*: "[i]f an employee has filed a claim form pursuant to Section 5401, a provider of medical services shall not, with actual knowledge that a claim is pending, collect money directly from the employee for services to cure or relieve the effects of the injury for which the claim form was filed, unless the medical provider has received written notice that liability for the injury has been rejected by the employer and the medical provider has provided a copy of this notice to the employee."

10. Despite Plaintiff's notice to Defendant of her pending (and now finalized and closed) compensation claim, Defendant nonetheless made repeated attempts to collect money directly from Plaintiff for services rendered over the past several years. Such attempts include sending multiple written invoices as recently as February of 2020.

11. As Defendant is legally prohibited from seeking direct payment from Plaintiff per the Labor Code, and that legally Plaintiff has no directly responsibility to pay the alleged sum to Defendant (to which Defendant is quite aware), the natural and probable consequences of Defendant's conduct was to harass, oppress or abuse Plaintiff in connection with the collection of a debt not owed by Plaintiff and in direct violation of the Labor Code.

## FIRST CAUSE OF ACTION
### (Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)

12. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

 (a) Defendant violated 15 U.S.C. §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

 (b) Defendant violated 15 U.S.C. §1692d(5) causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; and

 (c) Defendant violated 15 U.S.C. §1692f use unfair or unconscionable means to collect or attempt to collect any debt.

14. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

15. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs, and, such other and further relief as the Court deems proper.

## SECOND CAUSE OF ACTION
### (Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act). Specifically, §§ 1692d, 1692e, and 1692f.

18. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt, despite having knowledge of Plaintiff's pending compensation claim and despite being aware that Defendant is strictly prohibited from seeking direct payment from Plaintiff as a result.

19. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) Actual damages pursuant to statute(s), in amounts to be determined at trial and for Plaintiff.

(b) Statutory damages pursuant to statute(s);

(c) Punitive damages pursuant to statute;

(d) Costs and reasonable attorney's fees pursuant to pursuant to statute(s); and

(e) For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: April 2, 2020          **MARTIN & BONTRAGER, APC**

By: /s/<u>G. Thomas Martin, III</u>

G. Thomas Martin, III
*Attorney for Plaintiff*

COMPLAINT FOR DAMAGES